Filed 11/28/23  In re B.M. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| In re B.M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | E081419 |
| Plaintiff and Respondent, | (Super.Ct.No. J279737) |
| v. | OPINION |
| B.M., | |
| Minor and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Charles J. Umeda, Judge.  Affirmed.

Lillian Hamrick, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

In October 2019, B.M. admitted to aiding and abetting voluntary manslaughter by encouraging her girlfriend to kill the girlfriend's brother. She was committed to the Department of Juvenile Justice (DJJ) for a maximum confinement of 11 years. While in DJJ's custody, DJJ reported concerns about B.M.'s continued contact with the co-participant in her crime, saying she "appeared incapable of separating herself from her co-part." Accordingly, "unit staff instructed both youth not to communicate or engage with each other, given how unhealthy and the toxicity of their relationship [sic] in the past regarding their roles in the committed offense." In April 2023 the California Department of Corrections and Rehabilitation Board of Juvenile Hearings recommended discharging her.

In May 2023 the court held a re-entry disposition hearing where it terminated DJJ's jurisdiction and released B.M. as a ward in her own custody. However, it also imposed DJJ re-entry supervision terms. This included an electronic search condition requiring her to "[s]ubmit to probation search of cell phone or other electronic devices for purpose of monitoring communication with co-part[icipant]." B.M. appealed, citing as grounds for the appeal "unconstitutional probation/parole terms."

We appointed counsel to represent B.M. on appeal, and counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*) setting forth a statement of the case and a summary of the facts and asking us to conduct an independent review of the record.

It is undisputed that when appealing from an order after judgment an adult criminal defendant does not have a constitutional right to independent review under *Anders/Wende* if appellate counsel cannot identify any arguable issues. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 227, 231 (*Delgadillo*).) Nevertheless, the court is to inform the defendant that they may personally file a supplemental brief, and "[i]f the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id.* at p. 232.) "If the defendant does not file a supplemental brief or letter, the Court of Appeal may dismiss the appeal as abandoned." (*Ibid.*)

However, a notice provided defendant may be "suboptimal" if the defendant "reasonably could have concluded" from it "that the Court of Appeal would conduct an independent review of the record, even absent a supplemental brief." (*Delgadillo*, *supra*, 14 Cal.5th at pp. 232-233.) As *Delgadillo* noted, independent review of the record under *Anders*/*Wende* happens automatically after receiving a brief from appointed counsel under the authority of those cases and " 'does not depend on the . . . receipt of a brief from the defendant personally,' " whereas under *Delgadillo*, "the Court of Appeal may dismiss the appeal as abandoned" "[i]f the defendant does not file a supplemental brief or letter." (*Delgadillo*, at pp. 232-233.) Thus, when *Delgadillo* applies, but the notice sent to the defendant cites only to *Anders*/*Wende*, confusion may plausibly result. The notice in *Delgadillo* had this flaw (*Delgadillo*, at p. 233), as did the notice here.

Because the notice sent to B.M. was improper, we exercise our discretion to examine the record to determine whether it contains any arguable issues. We conclude that it does not. Accordingly, we affirm.

DISPOSITION

We affirm.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL _____
J.

We concur:

RAMIREZ _____
P. J.

FIELDS _____
J.